**In the Interest of TLL, a Minor.**

**TLL, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. C–94–12.**

Supreme Court of Wyoming.

July 7, 1995.

Deborah Cornia, Appellate Counsel, for State Public Defender Program.

Joseph B. Meyer, Atty. Gen.; D. Michael Pauling, Sr. Asst. Atty. Gen.; and Georgia L. Tibbetts, Asst. Atty. Gen., for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellant TLL appeals from a juvenile court order which found that she was in contempt of court and placed her at the Wyoming Girls' School in Sheridan for an indefinite period of time.

We reverse and remand.

## Issue

Appellant states her issue on appeal in the form of a declaratory statement:

The trial court exceeded its authority and violated the appellant[']s right to due process when it placed her at the school for girls upon a criminal contempt violation.

## Facts

On June 17, 1994, the juvenile court adjudged Appellant as being a child in need of supervision. At a disposition hearing held on July 8, 1994, the juvenile court ordered that Appellant be placed in the physical and legal custody of her parents but under the protective custody of the Department of Family Services, subject to certain terms and conditions, among which were: that Appellant (1) obey all rules and regulations of the Department of Family Services and cooperate with its staff, (2) obey her parents and observe parental rules, (3) faithfully attend school and incur no absences or tardies without the permission of a Department of Family Services caseworker, (4) have no contact with any male who was over the age of seventeen years unless she was accompanied by an adult who was over the age of thirty-five years, (5) complete a minimum of twenty hours of community service each week, and (6) obtain employment so that she could pay for her guardian ad litem fees.

On September 14, 1994, an information was filed in the juvenile court which alleged that Appellant was in criminal contempt of court because she had violated the above-mentioned terms and conditions of the juvenile court's disposition order. The juvenile court entered its summons, ordering Appellant to appear on September 29, 1994, to answer the contempt-of-court allegation contained in the information and notifying her that, if she had "willfully violated the Court's order, [she] could be fined in an amount not more than five hundred dollars ($500.00) or incarcerated in the Campbell County Detention Center for a period of not more than ninety (90) days or both."

On September 29, 1994, the juvenile court entered its order on the contempt-of-court hearing, wherein that court found that Ap-

pellant was in criminal contempt of court, that criminal contempt of court was a "delinquent act," and that Appellant was a "delinquent child." The juvenile court ordered that Appellant be placed in the legal and physical custody of the Department of Family Services for placement at the Wyoming Girls' School for an indefinite period of time.

## Discussion

Appellant contends that the juvenile court exceeded its authority and violated her due process right when it placed her at the Wyoming Girls' School. We agree.

The information alleged criminal contempt as is described in WYO.STAT. § 14–6–242 (1994) for Appellant's failure to obey the juvenile court's order. Section 14–6–242 provides:

Any person who willfully violates, neglects or refuses to obey or perform any order or provision of this act is liable for contempt of court and may be fined not more than five hundred dollars ($500.00) or imprisoned in the county jail not more than ninety (90) days, or both.

Appellant was summoned to answer the contempt allegation and was specifically notified that, if she had willfully violated the juvenile court's order, she could be fined or incarcerated in the county jail; she was not informed that she could be declared to be a "delinquent child" and placed in the Wyoming Girls' School for an indefinite period of time.

The language of the juvenile act, WYO.STAT. § 14–6–201 to –243 (1994), is very clear and precise in declaring that, before a child can be adjudicated as being a delinquent child, a petition shall be filed in the juvenile court which states the jurisdictional facts, including:

(iv) A statement setting forth with particularity the facts which bring the child within the provisions of W.S. 14–6–203. If the basis of the petition is an alleged delinquent act or a need for supervision based upon a violation of the laws of the state or a political subdivision, the petition shall cite the alleged law violated.

Section 14–6–212(b)(iv). After a petition has been filed, the act provides for a panoply of notices and advice to be given by the juvenile court and counsel in order to insure that a child has been provided due process of law.

### Conclusion

The juvenile court's impatience with Appellant is certainly understandable, and its decision to place Appellant where someone could exercise at least a modicum of control over her is commendable; however, it is axiomatic that, in the juvenile court's haste to do what appeared to be in the best interest of the child, its actions were contrary to the juvenile act's provisions and violated Appellant's due process right. For these reasons, this case is

Reversed and remanded with instructions that the juvenile court release Appellant from the custody of the Wyoming Girls' School.